IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOSTOULA KALYVIARIS, | |
| Plaintiff, | No. 24-cv-12223 |
| v. | Judge John F. Kness |
| DESIGNER DIRECT, INC. d/b/a LEVIN ASSOCIATES, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

In this now-dismissed case, Defendant seeks attorney's fees under 28 U.S.C. § 1927 and under the Court's inherent authority. Defendant bases this request largely on Plaintiff's decision to pursue federal claims under Title VII and the ADEA despite Defendant's belief that it did not have a sufficient number of employees to trigger liability under those federal laws. (Dkt. 27 at 3.) For the reasons that follow, Defendant's motion for sanctions and attorney's fees (Dkt. 27) is denied.

Section 1927 provides for counsel's liability for excessive costs and states that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A court "has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice, pursued a claim that is without a plausible

legal or factual basis and lacking in justification, or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (cleaned up). Section 1927 sanctions are "inappropriate for conduct in the run-up to litigation," but they can be used to enforce a lawyer's "continuing duty to withdraw claims that are no longer viable." *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 848 (N.D. Ill. 2015). Section 1927 "is permissive, not mandatory," and a court "is not obliged to grant sanctions" even if it has found unreasonable and vexatious conduct. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004). So too for the court's inherent authority. *See, e.g.*, *Xped LLC v. Entities Listed on Exhibit 1*, 690 F. Supp. 3d 831, 846 (N.D. Ill. 2023) (inherent sanction power requires "restraint and discretion").

Plaintiff's conduct does not rise to the level that justifies sanctions under Section 1927 or the Court's inherent authority. Whether Plaintiff was informed about how many employees worked for Defendant before the filing of the litigation is a matter disputed by the parties. But it is undisputed that Plaintiff voluntarily dismissed the case on April 28, 2025, shortly after the filing of Defendant's motion to dismiss (on March 28, 2025); that remedial act satisfied the obligation of Plaintiff's counsel to withdraw claims that are no longer viable. (Dkt. 24, 25.)

Defendant maintains that, because Defendant first moved on February 21, 2025 to set aside the default and to dismiss the case, Plaintiff's voluntary dismissal came too late; in Defendants' view, Plaintiff should have withdrawn the case sooner.

(Dkt. 27 at 3; Dkt. 16.) But the Court struck Defendant's February 21 filing (Dkt. 23), and it is doubtful that points raised in a stricken filing should be used as the impetus for sanctionable conduct. (Dkt. 23.) In any event, the sequence of events—Plaintiff filed a complaint; Defendant defaulted but moved to dismiss after the default was vacated; Plaintiff voluntarily dismissed the federal action and filed a new case in state court (Dkt. 27 at 4)—does not reflect the circumstances that would warrant sanctions.

To the extent Plaintiff's conduct should nonetheless be viewed as sanctionable, the Court exercises its discretion (under either Section 1927 or its inherent power) to decline a sanctions award. Defendant's initial failure to appear or file a responsive pleading unnecessarily increased litigation costs on both sides. Moreover, a cursory review of Defendant's timesheet reflects that Defendant is seeking some fees that are, at best, questionable. (*See*, *e.g.*, Dkt. 27-4 ("Registered for PACER account for case look up information"; "Called and left voice-mail to US District Court of Northern Illinois to inquire about neded [sic] actions so that I can be approved to represent our firm in the matter"; "Worked to log in into [sic] my account for Federal Courts docket in order to inquire regarding the status of Kalyviaris federal case.").) Under these circumstances, an award of sanctions against Plaintiff is inappropriate.[1]

Defendant's motion for sanctions and attorney's fees (Dkt. 27) is denied.

---

[1] In an earlier and more contentious setting, the mortally wounded Mercutio condemned the feuding Montagues and Capulets with the bitter cry, "A plague o' both your houses!" William Shakespeare, *Romeo and Juliet*, Act III, Scene 1. Although counsel should be neither condemned nor made ill, they each are gently encouraged to reflect on their actions in this case with an eye toward improving their advocacy in the next forum.

SO ORDERED in No. 24-cv-12223.

Date: June 23, 2025

_____
JOHN F. KNESS
United States District Judge

4